```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


MICHAEL J. RILEY, SR.                  *      CIVIL ACTION

versus                                 *      NO. 09-7710

LOUISIANA STATE BAR ASSOCIATION        *      SECTION "C/4"
and THE LOUISIANA STATE ATTORNEY              TEMPORARILY IN SECTION A
DISCIPLINARY BOARD
```

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**

This matter has been temporarily re-allotted to this Court to address the mover's request for emergency relief during the absence of the presiding district judge.

Michael J. Riley seeks to enjoin the Louisiana State Bar Association and The Louisiana State Attorney Disciplinary Board from proceeding under their disciplinary authority to investigate allegations of misconduct during his employment with the Department of Homeland Security/FEMA between 2006-2007. Riley has been disbarred since 1987 but moved for readmission on June 17, 2009. The Louisiana Attorney Disciplinary Board granted a stay of Riley's readmission application in order to allow an opportunity to pursue the disciplinary investigation concerning his alleged misconduct during his tenure with FEMA. Riley asserts that, because none of the allegations regarding his misconduct while working for FEMA relate to the practice of law, the defendants lack statutory authority to pursue the disciplinary investigation. He insists that application of Louisiana Supreme Court Rules XIX(6)(A) as to

him, and being exposed to the disciplinary authority of the Louisiana State Bar Association for conduct during periods of non-membership that is unrelated to the practice of law, is an unconstitutional denial of his First and Fourteenth Amendment rights afforded by the U.S. Constitution and 42 U.S.C. §§ 1983, 1985(3).

The request for emergency relief is DENIED. Injunctive relief "'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion.'" Black Fire Fighters Ass'n of Dallas v. City of Dallas, Tex., 905 F.2d 63, 65 (5th Cir. 1990) (quotation omitted); see also PCI Transport., Inc. v. Ft. Worth & Western R.R. Co., 418 F.3d 535, 545 (5th Cir. 2005). A temporary restraining order or preliminary injunction may be granted only if plaintiffs show: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunctive relief is denied; (3) the threatened injury to the movant outweighs the harm the injunction will cause the opponent; and (4) the injunctive relief will not disserve the public interest. See Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991). The plaintiff must satisfy a cumulative burden of satisfying each of the four elements. Clark v. Prichard, 812 F.2d 991, 993 (5th Cir. 1987) (citing Miss. Power & Light Co. v. United Gas Pipeline, 760 F.2d 618, 621 (5th Cir. 1985)).

Riley has not demonstrated a substantial likelihood of success on the merits because it is not clear that the Court has jurisdiction over his claims. Federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. United States v. Shepherd, 23 F.3d 923, 924 (5th Cir. 1994); Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir. 1994), cert. denied, 115 S.Ct. 271 (1994), reh'g denied, 115 S.Ct. 626. This jurisdictional limitation cannot be circumvented by asserting claims not raised in the state court proceedings or claims framed as original claims for relief. Shepherd, 23 F.3d at 924. If the issues before the federal district court are "inextricably intertwined" with a state court judgment, the Court is "in essence being called upon to review the state-court decision." Id. "A federal complainant cannot re-litigate issues that should have been raised in state court and defeat the operation of the Rooker-Feldman doctrine by casting a complaint as a civil rights violation." Riley v. Louisiana State Bar Association, 214 Fed. Appx. 456, 459 (5th Cir. Jan. 19, 2007)(unpublished) (citing Liedtke v. State Bar of Tex., 18 F.3d 315, 317 (5th Cir. 1994)).

Here, Riley challenges the power of the defendants to investigate conduct concerning his employment with FEMA in the course of evaluating his application for readmission to the Louisiana bar; this challenge is inextricably intertwined with his

3

state court challenge of the defendants' authority to require him to provide a sworn statement concerning his FEMA employment. In fact, according to papers attached to Riley's present motion before this Court, the Louisiana Supreme Court denied Riley's "application for emergency writ and objection and motion for relief on deposition by the disciplinary board."[1] The issues before this Court are "inextricably intertwined" with a state court judgment, and the Court is "in essence being called upon to review the state-court decision." See Shepherd, 23 F.3d at 924. Riley's ability to relitigate these issues here is questionable.

Further, the Court is not persuaded that the claims alleged establish irreparable injury. The Supreme Court, in its First Amendment jurisprudence, has noted that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 327, 373 (1976). Riley makes passing references in his complaint to First Amendment violations but the Court is not persuaded that the specific conduct he challenges implicates his any First Amendment freedoms.

Accordingly, and for the foregoing reasons;

---

[1] The state Supreme Court's December 14, 2009 order stated:

Denied. Insofar as respondent complains about the taking of his sworn statement in Baton Rouge, the application is moot in light of the ODC's agreement to take the statement in Metairie. In all other respects, the application is denied.

4

**IT IS ORDERED** that the **Application for Temporary Restraining Order and Preliminary Injunction (Rec. Doc. 2)** filed by Michael J. Riley, Sr. is **DENIED**.

December 17, 2009

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE