UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL J. RILEY, SR.          *          CIVIL ACTION

VERSUS                         *          NO: 09-7710

LOUISIANA STATE BAR            *          SECTION: "D"(4)
ASSOCIATION, ET AL

**ORDER AND REASONS**

Before the court is the **Motion to Dismiss (Doc. No. 13)** filed by the Louisiana State Bar Association (LSBA) for lack of subject matter jurisdiction.  Plaintiff, Michael J. Riley, Sr., filed a memorandum in opposition.  The motion, set for hearing on Wednesday, February 3, 2010, is before the court on briefs, without oral argument.  now, having considered the parties' memoranda, the record, and the applicable law, the court finds that the LSBA's motion should be granted.

**I.  Background**

**A.  *Riley I (Riley v. LSBA and the Louisiana Attorney Disciplinary Board,* EDLA Docket No. 05-2500)**

Mr. Riley was disbarred from the Louisiana State Bar in 1987.

In 2003, he sought readmission for the third time.[1] On November 19, 2004, the Louisiana Supreme Court denied his application for readmission. Mr. Riley ultimately sued the LSBA and the Louisiana Attorney Disciplinary Board in this court (*Riley I*), based on claims that he was denied readmission in violation of his civil rights, the due process clause and equal protection clause under the Fourteenth Amendment. This court ultimately granted both Defendants' their respective motions to dismiss because the court found, in part, that under the *Rooker-Feldman* doctrine, the court lacked subject matter jurisdiction over Plaintiff's claims which were collateral attacks on the Louisiana Supreme Court ruling denying Plaintiff readmission to the Louisiana State Bar. (*See* EDLA Docket No. 05-2500, Docs. Nos. 11 & 26). The Fifth Circuit affirmed this dismissal. (*See* Fifth Circuit Op., No. 05-2500, Doc. No. 35-2).[2]

**B.  *Riley II (Riley v. LSBA and the Louisiana Attorney Disciplinary Board*, EDLA Docket No. 09-7710)**

On June 17, 2009, Mr. Riley again moved for readmission to the Louisiana Bar Association. On August 19, 2009, he received a

---

[1] *See* Fifth Circuit Op., No. 05-2500, Doc. No. 35-2 at p. 2.

[2] Also cited as *Riley v. Louisiana State Bar Association*, 214 Fed.Appx. 456, 459 (5th Cir. Jan. 19, 2007).

letter from the Louisiana Attorney Disciplinary Board's Office of Disciplinary Counsel (ODC), naming itself as Complainant on File No. 0025630 pertaining to allegations of misconduct while Mr. Riley was employed by the Department of Homeland Security/Federal Emergency Management Agency (FEMA) between 2006-2007. The Louisiana Attorney Disciplinary Board granted a stay of plaintiff's June 2009 readmission application to pursue the disciplinary investigation concerning Mr. Riley's alleged misconduct during his tenure with FEMA.

On December 10, 2009, Mr. Riley received a notice of sworn statement demand from the ODC. The next day, Mr. Riley filed with the Louisiana Supreme Court, an application for emergency writ, Objection, and Motion for Relief from notice of sworn statement. On December 14, 2009 the Louisiana Supreme Court denied Riley's application for relief from the notice to give sworn statement, noting that the ODC agreed to take his sworn statement in Metairie

rather than Baton Rouge. (*See* copy of Louisiana Supreme Court ruling, attached to original Complaint).[3] Two days later, on December 16, 2009, Mr. Riley filed this complaint in federal court against the LSBA and the Louisiana Attorney Disciplinary Board, asserting that application of Louisiana Supreme Court Rules XIX(6)(A) as to him, and being exposed to the disciplinary authority of the LSBA for conduct during periods of non-membership that is unrelated to the practice of law, is an unconstitutional denial of his First and Fourteenth Amendment rights afforded by the

---

[3] The Louisiana Supreme Court's December 14, 2009 ruling stated:

> IN RE: Riley, Michael J.; - Plaintiff; Applying for Application for Emergency writ and Objection and Motion for Relief on Deposition by the Disciplinary Board
>
> ------
>
> **December 14, 2009**
>
> Denied. Insofar as respondent complains about the taking of his sworn statement in Baton Rouge, the application is moot in light of the ODC's agreement to take the statement in Metairie. In all other respects, the application is denied.
>
> ...

(*See* ruling attached to original Complaint).

4

U.S. Constitution and 42 U.S.C. §§ 1983, 1985(3), and 1988.[4]  On
December 30, 2009, Mr. Riley filed an Amended Complaint,
challenging the issuance of a subpoena in the disciplinary
investigation, and adding a claim under the Fourth Amendment. (Doc.
No. 10).[5]

In the instant Motion to Dismiss, the LSBA argues that this
suit (like *Riley I*) should be dismissed because it is inextricably
intertwined with a state court judgment and therefore the *Rooker-Feldman* doctrine again applies.  As next discussed, the court
agrees.

## II. Legal Analysis

When the Fifth Circuit affirmed the application of the *Rooker-Feldman* doctrine in *Riley I*, it instructed that:

---

[4] When Mr. Riley filed his original Complaint, he simultaneously filed an "Application for Temporary Restraining Order and Preliminary Injunction," (Doc. No. 2), which the court denied. (Order, Doc. No. 5).  On December 22, 2009, he filed a "Reurged Application for Temporary Restraining Order and Preliminary Injunction," (Doc. No. 7), which the court denied. (Order, Doc. No. 8).

[5] On January 4, 2010, Mr. Riley filed a "Second Reurged Application for Temporary Restraining Order and Preliminary Injunction," (Doc. No. 12), which the court denied. (Order, Doc. No. 15).  Plaintiff then filed a petition for writ of mandamus to the Fifth Circuit, and the Fifth Circuit denied that petition.

> The *Rooker-Feldman* doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). State courts should resolve constitutional questions arising from state proceedings. *Id*. "If a state trial court errs[,] the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court." *Id*. "A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief. *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994). Similarly, a federal complainant cannot re-litigate issues that should have been raised in state court and defeat the operation of the *Rooker-Feldman* doctrine by casting a complaint as a civil rights violation. *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). Finally, *Rooker-Feldman* bars federal claims which, while not identical to, are "inextricably intertwined" with state court judgments. *Id*. at 318.

(*See* Fifth Circuit Op., No. 05-2500, Doc. No. 35-2, p. 5).[6]

The Fifth Circuit found that Riley's claims "[arose] form, and exist only because of, the Louisiana Supreme Court's denial of his application for readmission." (*Id.* at p. 6). The Fifth Circuit further observed that:

> Even if Riley's complaint is not a direct

---

[6] Also cited as *Riley v. Louisiana State Bar Association*, 214 Fed.Appx. 456, 459 (5th Cir. Jan. 19, 2007).

6

> challenge to the denial of his application for readmission, his complaint falls under the aegis of the *Rooker-Feldman* doctrine because it raises issues "inextricably intertwined" with a state court judgment, such that the district court was "in essence being called upon to review the state-court decision."

(*Id. citing United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994)).

In the instant suit (*Riley II*), Riley challenges the constitutionality of Louisiana Supreme Court Rule XIX(6)(A), under which Defendants are allegedly investigating conduct concerning his employment with FEMA, while in the course of evaluating his application for readmission to the Louisiana bar. In his opposition to the LSBA's Motion to Dismiss, Mr. Riley argues that he is not asking the court to reconsider a state-court judicial proceeding because he is challenging the constitutionality of a disciplinary rule. However, Mr. Riley's challenge is still "inextricably intertwined" with the Louisiana Supreme Court's denial of his "Application for Emergency Writ and Objection and Motion for Relief on Deposition by the Disciplinary Board,"[7] and this court is "in essence being called upon to review the state-court decision." See Shepherd, 23 F.3d at 924. Thus, under the aegis of *Rooker-Feldman* doctrine, Mr. Riley's claims against the

---

[7] *See* footnote 2, *supra*, and accompanying text, p. 4, *supra*.

7

LSBA must be dismissed because the court lacks subject matter jurisdiction.

If the Defendants' present investigation indeed violates Riley's civil and constitutional rights, he should raise those issues before the Louisiana Supreme Court. (*Compare* Fifth Circuit Op. in *Riley I*, No. 05-2500, Doc. No. 35-2 at p. 7, *citing Musslewhite v. State Bar of Tex.*, 32 F.3d 942, 946 n.15 (5th Cir. 1994)("[i]f the readmission process did result in violations of Riley's civil rights, then he should have raised those issues before the Louisiana Supreme Court").

Accordingly;

**IT IS ORDERED** that the LSBA's **Motion to Dismiss (Doc. No. 13)** be and is hereby **GRANTED**, dismissing Plaintiff's claims against the LSBA with prejudice.

**IT IS FURTHER ORDERED** that the LSBA's request for sanctions under 28 U.S.C. §1927 be and is hereby **DENIED**, but the court forewarns Mr. Riley that if he files any further pleadings barred by the *Rooker-Feldman* doctrine, his multiplication of proceedings may well be deemed "unreasonable" and "vexatious" to warrant the imposition of sanctions.

New Orleans, Louisiana, this **3rd** day of **February**, **2010**.

                                                                  _____
                                                                      A.J. McNAMARA
                                                    UNITED STATES DISTRICT JUDGE