UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL J. RILEY, SR.          *          CIVIL ACTION

VERSUS                         *          NO: 09-7710

LOUISIANA STATE BAR            *          SECTION: "D"(4)
ASSOCIATION, ET AL

### ORDER AND REASONS

Before the court are the following motions:

(1) **"Motion for Rehearing and/or New Trial on Defendant, Louisiana State Bar Association (*sic*) Motion to Dismiss Under Rule 12(b)(1) and for Sanctions" (Doc. No. 23)** filed by Plaintiff, Michael J. Riley, Sr.; and

(2) **"Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Doc. No. 22)** filed by Defendants, Louisiana Attorney Disciplinary Board and the Office of Disciplinary Counsel.

The motions, both set for hearing on Wednesday, March 10, 2010, are respectively opposed and are before the court on briefs, without oral argument. Now, having considered the memoranda of

counsel, the record, and the applicable law, the court rules.

**I. Plaintiff's Motion for Rehearing (Doc. No. 23)**

In the court's Order and Reasons of February 3, 2010 (Doc. No. 21), the court granted the **Motion to Dismiss (Doc. No. 13)** filed by the Louisiana State Bar Association (LSBA) for lack of subject matter jurisdiction. In the "Background" section of this ruling, the court stated that:

> On June 17, 2009, Mr. Riley ... moved for readmission to the Louisiana Bar Association. On August 19, 2009, he received a letter from the Louisiana Attorney Disciplinary Board's Office of Disciplinary Counsel (ODC), naming itself as Complainant on File No. 0025630 pertaining to allegations of misconduct while Mr. Riley was employed by the Department of Homeland Security/Federal Emergency Management Agency (FEMA) between 2006-2007. The Louisiana Attorney Disciplinary Board granted a stay of plaintiff's June 2009 readmission application to pursue the disciplinary investigation concerning Mr. Riley's alleged misconduct during his tenure with FEMA.
>
> On December 10, 2009, Mr. Riley received a notice of sworn statement demand from the ODC. The next day, Mr. Riley filed with the Louisiana Supreme Court, an application for emergency writ, Objection, and Motion for Relief from notice of sworn statement. On December 14, 2009 the Louisiana Supreme Court denied Riley's application for relief from the notice to give sworn statement, noting that the ODC agreed to take his sworn statement in Metairie rather than Baton Rouge. (*See* copy of Louisiana Supreme Court ruling, attached to

original Complaint).[1] Two days later, on December 16, 2009, Mr. Riley filed this complaint in federal court against the LSBA and the Louisiana Attorney Disciplinary Board, asserting that application of Louisiana Supreme Court Rules XIX(6)(A) as to him, and being exposed to the disciplinary authority of the LSBA for conduct during periods of non-membership that is unrelated to the practice of law, is an unconstitutional denial of his First and Fourteenth Amendment rights afforded by the U.S. Constitution and 42 U.S.C. §§ 1983, 1985(3), and 1988. On December 30, 2009, Mr. Riley filed an Amended Complaint, challenging the issuance of a subpoena in the disciplinary investigation, and adding a claim under the Fourth Amendment. (Doc. No. 10).

(*See* Order and Reasons, Doc. No. 21 at pp. 2-5).

---

[1] The Louisiana Supreme Court's December 14, 2009 ruling stated:

> IN RE: Riley, Michael J.; - Plaintiff; Applying for Application for Emergency writ and Objection and Motion for Relief on Deposition by the Disciplinary Board
>
> ------
>
> **December 14, 2009**
>
> Denied. Insofar as respondent complains about the taking of his sworn statement in Baton Rouge, the application is moot in light of the ODC's agreement to take the statement in Metairie. In all other respects, the application is denied.
>
> ...

(*See* Louisiana Supreme Court ruling attached to original Complaint).

In its Motion to Dismiss, the LSBA argued that Mr. Riley's claims should be dismissed under the *Rooker-Feldman* doctrine. In opposing the LSBA's motion, Mr. Riley argued that he was not asking the court to reconsider a state-court judicial proceeding, but rather he was challenging the constitutionality of a Louisiana Supreme Court disciplinary rule. The court rejected Mr. Riley's argument and found that his challenge was "inextricably intertwined" with the Louisiana Supreme Court's denial of his "Application for Emergency Writ and Objection and Motion for Relief on Deposition by the Disciplinary Board," and this court was "in essence being called upon to review the state-court decision." (Order and Reasons, Doc. No. 21 at pp. 7-8). Thus, under the aegis of *Rooker-Feldman* doctrine, the court dismissed Mr. Riley's claims against the LSBA for lack of subject matter jurisdiction.

In his instant Motion for Rehearing (treated as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e)), Mr. Riley argues that the *Rooker-Feldman* doctrine does not bar this suit because the Louisiana Supreme Court did not issue a final judgment on the merits of the Office of Disciplinary File. In support of this argument, he cites on *Dean v. Mississippi Board of Bar Admissions*, 326 Fed. Appx. 760 (5th Cir. 2009) and *Atkins v. Louisiana Attorney Disciplinary Board*, 2010 WL 420558 (E.D. La. 2010). Neither of these cases involved state-court judgments with

4

which the plaintiff's claims could have been "inextricably intertwined." Here, however, Mr. Riley challenged the Defendants' authority to pursue disciplinary allegations against him at the Louisiana Supreme Court and the Louisiana Supreme Court rejected that challenge. Further, Mr. Riley failed to petition the Louisiana Supreme Court for a rehearing, and he failed to apply for a writ of certiorari with the United States Supreme Court. Instead, he filed this federal complaint two days after the Louisiana Supreme Court issued its ruling. Under *Rooker-Feldman*, this court lacks jurisdiction to entertain Mr. Riley's collateral attack which is "inextricably intertwined" with the Louisiana Supreme Court's ruling.

Accordingly;

**IT IS ORDERED** that Plaintiff's **Motion for Rehearing** be and is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the LSBA'S request for sanctions (contained in its opposition memorandum) is **DENIED**. On page 8 of its February 3, 2010, "Order and Reasons" (Doc. No. 21), the court forewarned "Mr Riley that if he files any further pleadings barred by the *Rooker-Feldman* doctrine, his multiplication of proceedings may well be deemed 'unreasonable' and 'vexatious' to warrant imposition of sanctions." However, the court finds that Plaintiff

5

should not be sanctioned for filing his Motion for Rehearing which the court has treated as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).

**II. "Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Doc. No. 22) filed by Defendants, Louisiana Attorney Disciplinary Board and the Office of Disciplinary Counsel**

In this motion, the **Louisiana Attorney Disciplinary Board and the Office of Disciplinary Counsel** also argue that Plaintiff's claims against them are barred by the *Rooker-Feldman* doctrine. For reasons set forth in this court's Order and Reasons of February 3, 2010 (Doc. No. 21), wherein the court granted the **Motion to Dismiss (Doc. No. 13)** filed by the Louisiana State Bar Association (LSBA) for lack of subject matter jurisdiction based on applicability of the *Rooker-Feldman* doctrine, the court **GRANTS** the instant motion.

New Orleans, Louisiana, this **10th** day of **March**, **2010**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE